**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ALLEN D. DANIEL,

    Plaintiff,                                   CASE NO. 06-CV-14387

v.                                              DISTRICT JUDGE THOMAS L. LUDINGTON
                                                 MAGISTRATE JUDGE CHARLES BINDER

JENNIFER GRANHOLM, *et al.*,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION**

**IT IS RECOMMENDED** that this case be *sua sponte* **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2.

**II.**    **REPORT**

Plaintiff's *pro se* complaint against 83 defendants and his certificate of prisoner account activity were filed on October 5, 2006, and the case was referred to the undersigned Magistrate Judge for pretrial case management pursuant to 28 U.S.C. § 636(b) on October 12, 2006. (Dkt. 3.) On October 26, 2006, Plaintiff was issued a Notice of Deficiency (Dkt. 4) informing him that filing a case in federal court requires either a $350 payment or submission of an application to proceed without prepayment of fees pursuant to the *in forma pauperis* ("IFP") statute; 28 U.S.C. § 1915. A form application was mailed to Plaintiff with the notice, and Plaintiff was given 30 days to either submit the payment or apply for IFP status. (*Id.*)

In the 30 days since the notice of deficiency was mailed, the Court has received volumes of paperwork from Plaintiff on an almost daily basis; the stack of documents now measures over twelve inches in height.[1]  However, Plaintiff has failed to either submit an application to proceed without prepayment of fees or pay the filing fee.  Therefore, I suggest that the case must be dismissed.

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ."  FED. R. CIV. P. 41(b).  Likewise, the local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice . . . enter an order dismissing . . . the case unless good cause is shown."  E.D. Mich. LR 41.2.

The Sixth Circuit has counseled that "[t]his measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'"  *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)).  The general practice in the Sixth Circuit, however, is to dismiss cases without prejudice for failure to prosecute.  *See, e.g., Patterson v. Grand Blanc Twp.*, 760 F.2d 686 (6th Cir. 1985).  When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant

---

[1] These documents have not been scanned and docketed.  They will be returned to Plaintiff in the event that this Report and Recommendation is adopted.

> because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

The Court recognizes that the Plaintiff in this case is proceeding without benefit of legal counsel. However, the Defendants' right to a fair and timely resolution of the litigation must also be considered, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Here, Plaintiff has failed to comply with the most basic threshold requirement for filing a civil case – to either pay the filing fee or apply for *in forma pauperis* status. Accordingly, I recommend that the case be *sua sponte* dismissed for failure to prosecute.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Dated: December 1, 2006

s/ *Charles E. Binder*
CHARLES E. BINDER
United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served on Allen Daniel by first class mail, and served on Judge Ludington in the traditional manner.

Date: December 1, 2006         By    s/Jean L. Broucek
                                Case Manager to Magistrate Judge Binder